## CHARTER OAK LIFE INS. CO. v. CHATILLION.[*]

*(Circuit Court, E. D. Missouri.   May 18, 1882.)*

REAL PROPERTY—DEEDS.

Where A. and wife joined with B. in the execution of an instrument by which the two former conveyed to the latter a certain tract of land in fee, and the latter, in consideration of said conveyance, covenanted not to convey said land during the grantors' lives, and also covenanted to maintain A. and wife "during their natural lives, with good and sufficient clothing and food, in sickness and in health, furnish them with a horse and cart, and give them at all times free access to the property conveyed for their own use during their lives;" and where the same parties subsequently executed another deed, in which, after referring to the former one, and declaring that the covenants therein contained were found to operate to the prejudice of said parties, the said B., for that and divers other good reasons, did abandon, relinquish, and quitclaim to all the property in the aforesaid deed described unto the said A., and the said A. and wife did thereby "release and discharge the said B. from each and every one of the covenants by him entered into in the aforesaid deed," and B. subsequently bought part of the same property from A.: *held*, that notwithstanding the fact that the word "heirs" had not been used in the latter deed, it had reconveyed to A. all the interest in said land which had been conveyed to B. by the former one.

Suit in Ejectment.

[*]Reported by B. F. Rex, Esq., of the St. Louis bar.

The material facts are as follows:

In the year 1830 Francis Fournier and wife conveyed certain real estate in fee to Francis Denoyer. By the same instrument they also conveyed to him all their personal property. The deed declared that the consideration of the conveyance was that Denoyer should "maintain Fournier and his wife during their natural lives, with good and sufficient clothing and food, in sickness and in health, furnish them with a horse and cart, and give them at all times free access to the property conveyed for their own use during their lives," during which time Denoyer covenanted not to convey or dispose of the land to any person whomsoever.

On the thirty-first day of January, 1831, Denoyer, by a deed referring the above-mentioned conveyance, and reciting that the parties found said deed, and the covenants therein contained, to operate to their prejudice and against their interest, went on to declare that these and divers other good causes moved the parties to make said deed of January, 1831, by which he, said Denoyer, did "abandon, relinquish, and quitclaim to all the property in the aforesaid deed described unto the said Francis Fournier, and they, the said Francis Fournier and wife," did thereby "release and discharge the said Francis Denoyer from the further performance of each and every one of the covenants by him entered into in the aforesaid deed."

In February of the same year Fournier and wife reconveyed part of the land embraced in said previous conveyances to Denoyer. The land in dispute in this case is that portion of the real property conveyed by said deed of 1830 not embraced in the deed of February, 1831. Subsequent to the execution of the deed of February, 1831, Fournier conveyed the property sued for to the party from whom plaintiff derives title. The defendant claims title from Francis Denoyer by descent.

The only question in the case was as to the operation of said deed of January, 1831. Did it convey an estate in fee, or merely a life interest?

*J. S. Fullerton*, for plaintiff.

*Collins & Jamison*, for defendant.

TREAT, D. J. The deeds of Francis Fournier and wife, January 16, 1830, to Denoyer, and of Denoyer to Fournier and wife, January 31, 1831, together with the deed of Fournier and wife to Denoyer, February 1, 1831, fully establish the operative effect of the deed of January 31, 1831. The original deed contained, among other covenants to the grantors, a right of free access to the property during their lives for their own use, and bound Denoyer, the grantee, not to dispose of or convey said property to any person or persons whatsoever during the life-time of the grantors.

Without commenting on the fact that said deed was of personalty as well as realty, and of the restraint upon alienation thus contained, it is clear that the intent of the parties by the second deed was to

restore to Fournier and wife all property by them previously conveyed to Denoyer as fully as Denoyer had acquired the same by the first deed. There remained in Fournier and wife under the first deed a sufficient interest in the property for a deed of release or relinquishment to operate upon. The conveyances were not between strangers, but *inter* parties, and therefore the rigid technical rules invoked do not obtain.

It seems that the subject-matter of the controversy underwent review by the supreme court of Missouri, (15 Mo. 160,) where the same conclusion was reached, but under a different state of pleadings, and resting on recognized principles of equity.

The case before this court being solely of law, it is rightfully contended that rules of equity cannot prevail. The case before the supreme court of Missouri did not require an analysis of the nice legal rules concerning conveyances by release, extinguishment, exchange, confirmation, etc. An examination of that class of cases will show that the omission of words of limitation in the second deed did not prevent the fee from passing back from Denoyer to Fournier and wife as fully as by the previous deed the same had passed from them to Denoyer. They had a life interest, and the recitals of the second deed express clearly the intent to restore the parties to their former rights of property, discharged from covenants, as fully as if the first deed with its covenants had never been executed.

Judgment for plaintiff. Damages, eight dollars; monthly rent, three dollars.